## CARMICHAEL v. JACKSON.

(Circuit Court of Appeals, Seventh Circuit. July 27, 1911.)

### No. 1,779.

PATENTS (§ 328*)—ANTICIPATION—DENTISTRY WORK.

The Carmichael patent, No. 659,206, for a process of forming an attachment for and connecting the same to a natural tooth, is void for anticipation by the Williams patent, No. 347,544.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

Suit in equity by John P. Carmichael against Harvey N. Jackson. Decree for defendant, and complainant appeals. Affirmed.

The appeal is from a decree dismissing the bill for want of equity. The bill was to restrain infringement of letters patent issued to appellant October 9, 1900, for a new and useful improvement in a process of forming an attachment for and connecting the same to a natural tooth. The object of the patent is stated as follows:

"The primary object of the invention is to provide an improved process and construction wherein provision is made for forming an attachment and connecting the same to a natural tooth, the said attachment being so molded and shaped to the part of the tooth to be covered and so fitted in the grooves of said tooth that it is mechanically held firm in position upon the tooth and is adapted for building up any broken or decayed portion of the tooth or is adapted to be connected with bridge-teeth, plates, regulating appliances, fillings, inlays, &c."

Claim one, which, with some variations (claim two adding as a further step a staple in the grooves) embodies all the claims, is as follows:

"1. A process of forming an attachment for and connecting the same to a natural tooth, which consists in cutting, grinding, or drilling one or more grooves in a natural tooth; shaping and fitting a base of suitable material to the tooth, and to the groove or grooves in said tooth, and thereby con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

forming the base to the shape of the portion of the tooth to which it is applied, and also forming a rib or ribs in the base; removing the base from the tooth; next stiffening and building up the base with a suitable material; and finally applying the complete attachment to the tooth and cementing or otherwise securing said attachment to the tooth."

If the patent is valid, infringement is not denied.

Other patents cited are the following:

No.   6,924, G. E. Murray, Dec. 4, 1849.
No. 238,940, J. E. Low, Mar. 15, 1881.
No. 319,829, J. E. Low, June, 9, 1885.
No. 347,544, J. L. Williams, Aug. 17, 1886.
No. 375,167, C. H. Land, Dec. 20, 1887.
No. 377,248, D. Genese, Jan. 31, 1888.
No. 377,970, T. S. Waters, Feb. 14, 1888.
No. 402,352, A. Robinson, Apr. 30, 1889.
No. 403,597, C. H. Land, May 21, 1889.
No. 432,737, C. H. Land, July 22, 1890.
No. 452,533, C. S. Wiggins, May 19, 1891.
No. 454,566, C. H. Land, June 23, 1891.
No. 558,133, J. B. Wells, Apr. 14, 1896.

Leverett C. Wheeler and A. L. Morsell, for appellant.

Charles K. Offield and James R. Offield, for appellee.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above). The Carmichael patent relates solely to the treatment of natural teeth. The process consists in the preparation of the tooth by the cutting of grooves on the sides thereof, and also on the end away from the gums; the application of a gold leaf to the tooth thus prepared, to obtain its configuration, thereby obtaining a base; the removing of this base from the tooth; the building up of this base to make it firm; and, finally the fitting of this base, thus built up, to the tooth by means of cement.

All this was done in the Williams patent, but in connection with teeth put into bridge work only; so that whatever novelty there is in the Carmichael patent is to be found in the transferring of this process from bridge work teeth to natural teeth—from work upon teeth on the dentist's work bench to work upon teeth in the mouth.

The object of the base thus built up, in bridge work, is to give foundation to the tooth—something to take the place of the gum and the root in giving fastening to the artificial tooth; the object in the application of the base thus built up in connection with live teeth is to give an artificial enamel or covering to the tooth, and therefore simply hangs upon the top of the tooth—has nothing of the function of a foundation. But does this change the identity of the actual thing done? Is this difference of function a difference of process? We think not. The material out of which the base is made, the mechanical means by which it is made, and the process are the same in both cases. That being the case, the function of the artificial foundation to the natural tooth, though different from the function of the same thing upon the bridge-tooth, does not change the one thing into another thing when that one thing is identical with the other thing in every way except mere function.

Whatever merit the Carmichael patent has is in the possibility that Carmichael was the first to discern that the grooving of a live tooth could take place without injuring it; and because of that was the first to apply this old mechanism to a live tooth. We do not say that such is the fact—we are only assuming it as a possibility. For even in that case the most that can be said of what Carmichael did is that it was a discovery in dentistry. The mechanism that Carmichael used to carry out his discovery—the utilization of the Williams mechanism—is none the less old; and it is with the mechanism that this patent deals.

The decree of the Circuit Court is affirmed.